IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

INVACARE CREDIT CORPORATION, INC.                          PLAINTIFF


VS.                          CASE NO. 6:14-CV-6026


HEALTHCARE MEDICAL & RESPIRATORY
CARE, INC., KATHY ROSE, MICHAEL ROSE                          DEFENDANTS

## ORDER

Before the Court is Plaintiff's Motion for Attorneys' Fees.  (ECF No. 27).  Defendants have not filed a response to the motion, and the time to do so has passed.  The Court finds this matter ripe for consideration.

On July 18, 2016, an Order and Judgment was entered against all Defendants jointly and severally, in the amount of $346,422.89, together with accrued prejudgment interest at the rate of 6.99% per annum from August 1, 2015 to the date of judgment, and post-judgment interest at the rate of 6.99% per annum from date of judgment until paid in full.  (ECF No. 26).  As the prevailing party, Plaintiff requests attorneys' fees in the amount of $17,267.50.  Pursuant to Ark. Code Ann. § 16-22-308, a prevailing party in an action of this type may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate.  *Fish v. St. Cloud State University*, 295 F.3d 849, 851 (8th Cir. 2002).  The term "reasonable hourly rate" is usually defined as the ordinary rate for similar work in the community where the case has been litigated.  *See Miller v. Dugan*, 764 F.3d 826, 831 (8th Cir. 2014).  The burden of proving attorney's

1

fees rests with the fee applicant.  *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.  *Id.* at 433.  When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates.  *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).

As required by Local Rule 54.1, Plaintiff has submitted an affidavit setting out the time spent in the litigation and the factual matters pertinent to the motion for attorney's fees and costs.  (ECF No. 28).  Charley Swann has been practicing law for four years and has billed 35.7 hours in this case at an hourly rate of $140.00.  Pat James has been practicing law for 34 years and has billed 9.40 hours in this case at an hourly rate of $295.00.  Kayla Applegate has been practicing law for five years and has billed .70 hours in this case at an hourly rate of $170.00.  The work of these three attorneys involved document review, drafting pleadings, conducting written discovery, and corresponding with the Court and the other parties.  Plaintiff's affidavit further states that a fourth attorney, Richard Downing, had to be brought in to work on this case due to Defendant's filing for bankruptcy in May 2014.  (ECF Nos. 13-14).  However, Richard Downing never filed an appearance in this case, and it appears that his work was done exclusively in the related bankruptcy action, Case No. 6:14-bk-71384.[1] Mr. Downing has been practicing law for 42 years and billed 34.10 hours at an hourly rate of $275.00.  Plaintiff states that all of the rates above are comparable rates for litigation law firms.

Upon consideration, the Court finds that the hourly rates and hours expended by Charley Swann, Pat James, and Kayla Applegate were reasonable.  However, Plaintiff has failed to offer

---

[1] More specifically, it appears from the "Detail Fee Transaction List" that all of Mr. Downing's work was done while this case was stayed pending the outcome of the bankruptcy proceedings.  (ECF No. 28, p. 6-7).

support for its assertion that a court may reward attorney's fees for Richard Downing's legal work in a separate bankruptcy action. Accordingly, the Court finds that an award of attorney's fees is not appropriate as to the legal work performed by Richard Downing.

In accordance with the hours and rates noted above, the Court awards a total of $7,890.00 in attorney's fees. These attorney's fees represent $4,998.00 (35.7 hours at a rate of $140.00) for Charley Swann, $2,773.00 (9.4 hours at a rate of $295.00) for Pat James, and $119.00 (.70 hours at a rate of $170.00) for Kayla Applegate.

For the reasons stated above, Plaintiff's Motion for Attorneys' Fees (ECF No. 27) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is hereby awarded $7,890.00 in attorneys' fees.

**IT IS SO ORDERED**, this 12th day of September, 2016.


  /s/ Susan O. Hickey
Susan O. Hickey
United States District Judge